# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| MAURICE JOHNSON-BEY, AURELIUS ALLEN-BEY, NELSON HARRIS-EL, and ANTONIO PUTNAM-BEY, <br><br> Plaintiffs, <br><br> vs. <br><br> INDIANA DEPARTMENT OF CORRECTIONS, EDWIN BUSS, MARK LEVENHAGAN, DONNA RUSSELL, MALINDA MANN, BARNEY TURNUPSEED, AND WAYNE PEOPLES, <br><br> Defendants. | CAUSE NO. 3:09-CV-249 |

## **OPINION AND ORDER**

This matter is before the court *sua sponte* pursuant to Fed. R. Civ. P. 20 and Fed. R. Civ. P. 21 for the purpose of determining whether the plaintiffs may jointly prosecute this case as a multi-plaintiff lawsuit. For the reasons set forth below, the court DISMISSES Aurelius Allen-Bey, Nelson Harris-El, and Antonio Putnam-Bey in this cause of action; (2) DIRECTS the clerk of this court to open a separate case for each dismissed plaintiff with the complaint from this case (DE 1) and the petitions to proceed *in forma pauperis* and motions to appoint counsel already filed separately by each plaintiff; and (3) DIRECTS the clerk to assign each of the newly opened cases to the same judge who is assigned to this case.

1

BACKGROUND

Pro se Plaintiffs Maurice Johnson-Bey, Aurelius Allen-Bey, Nelson Harris-El, and Antonio Putnam-Bey, who are prisoners confined at the Indiana State Prison, filed a complaint pursuant to 42 U.S.C. § 1983 alleging the violation of their federally protected rights. Each of the plaintiffs signed the complaint, and each of them also submitted an individual petition to proceed in forma pauperis and separate motion to appoint counsel. The complaint is labeled a "Class Action Lawsuit."

DISCUSSION

Four prisoners confined at the Indiana State Prison seek to sue several Indiana Department of Correction officials in a multi-plaintiff lawsuit. "Because the Prison Litigation Reform Act ("PLRA") does not repeal or modify Rule 20, district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). Therefore, before allowing this multi-plaintiff prisoner lawsuit to proceed, the court must determine whether the permissive joinder requirements of Rule 20 are satisfied. "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.

2

> [W]e accord wide discretion to a district court's decision concerning the joinder of parties. We have recognized that this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. If joinder would create prejudice, expense or delay the court may deny the motion.

*Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir., 2001) (citations and quotation marks omitted). Based on the facts of this case, joinder is not appropriate.

Each of these plaintiffs is proceeding pro se and none of them may represent each other. Because of this, each plaintiff must read and sign each filing related to his claims. In this case, four plaintiffs are named in the caption of the complaint and each has signed the complaint. Though they succeeded in gathering every signature this time, doing so at the beginning of a lawsuit is easier than at any other time. Once convicted, an inmate can be relocated at any time, *see Sandin v. Conner*, 515 U.S. 472, 485 (1995), and inmates are constantly being released, transferred to another facility, or relocated within the prison such that they are no longer in contact with each other. When they are housed separately and a filing is not jointly signed, Fed. R. Civ. P. 5 requires that it be served on all other parties, including the other plaintiffs. For legitimate security reasons, institutional rules prohibit inmates from corresponding within and between

3

facilities, thereby making compliance with Rule 5 difficult, if not impossible.

The plaintiffs' complaint portends to be a class action. Though four of the inmates involved in this incident have already individually joined this case, the plaintiffs allege that there are others who have not.

> Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

*Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). *See also Rowe v. Davis*, 373 F. Supp. 2d 822, 828 (N.D. Ind. 2005). Each of these plaintiffs is pro se and none of them can fairly and adequately protect the interests of the class.

Therefore, because it would be fundamentally unfair for this case to proceed with multiple pro se prisoner plaintiffs who will very likely be unable to comply with Rule 5, each of the named plaintiffs must be permitted to litigate his claims separately. Proceeding with multiple, separate litigation for each plaintiff under the same cause number would be distracting at best - - and costly, confusing, and grossly inefficient at worst. The high risk of prejudice, expense and delay is unnecessary because separating different lawsuits into separate cause numbers is the routine manner for organizing court documents. Rule 21 provides that,

"[p]arties may be dropped [from a case] . . . on such terms as are just." Though it would be unjust to merely dismiss all but the lead plaintiff, particularly here where three other plaintiffs also signed the complaint, it is just to drop the other plaintiffs from this case and direct the clerk to open separate cases for each of them.

Nevertheless, this does not preclude any or all of the plaintiffs from cooperating to the extent that they are able, nor does it prevent these cases from being consolidated for trial if that becomes appropriate at a later date. Rather, separating these pro se prisoners into individual cases will merely permit the efficient and just adjudication of their claims.

CONCLUSION

For the reasons set forth above, the court:

(1) DISMISSES Aurelius Allen-Bey, Nelson Harris-El, and Antonio Putnam-Bey in this cause of action;

(2) DIRECTS the clerk of this court to open a separate case for each dismissed plaintiff with the complaint from this case (DE 1) and the petitions to proceed *in forma pauperis* and motions to appoint counsel already filed separately by each plaintiff; and

(3) DIRECTS the clerk to assign each of the newly opened cases to the same judge who is assigned to this case.

**DATED: June 16, 2009**           /S/RUDY LOZANO, Judge
                                   **United States District Court**